Geeen, J.
delivered the opinion of the court.
The parties to this cause, plaintiffs and defendants, are tenants in common of the Eagle Hotel property, in the town of Columbia. This bill is filed under the act of 1829, for a sale of said property, and partition of the proceeds thereof, among the owners of the estate.
The defendants resist the sale and alledge, that it is fof the interest of the parties, that they continue to hold, and derive from the rents of the property the income it affords.
The evidence shows, that the property affords to its owners a fair income for the capital vested in it; and that jit is probable the interest of the owners will not be promoted by a sale and partition thereof. But the evidence shows, that the property is of such a description, that partition without a sale cannot be made, and that if it be divided, it is manifestly for the advantage of the parties, that it be sold in order to effect such division.
The question then is, are the complainants entitled to partition as matter of right, and if so, have they a right to require a sale of the property for that purpose?
That a tenant in common, is entitled, as matter of right, to have partition of the estate, is not seriously controverted. Bee on this subject, Collins vs. Dickerson Allen, 1 Hay. Rep. 240, and Winby vs. Findley and others, 3 Rand. Va. Rep. 361.
But it is insisted, that it is discretionary with the court, whe *405 ther a sale shall be ordered or not., and that in this case it is not for the interest of the parties, that there should be a sale.
We answer, that the discretion which, by the acts of 1S27 and 1829, (C. & N. 516-16,) the court possesses, is not whether there shall be a partition, but whether in making this partition “the property can be equally divided among those entitled thereto, or that it would be manifestly for their interest that it should be sold.”
The evidence in this cause, going to establish that it would be for the interest of these parties to continue tenants in common, is not relevant to any question for the decision of the court. By the common law, a tenant in common has a right to partition; and by the statute, wherever that right exists, he has a right to require a sale of the estate, in order to such partition; provided it shall appear to the court, that the “property cannot be equally divided among those entitled thereto, or that it would be manifestly for their interest, that'it should be sold.”
The meaning of this latter expression, is, that if it is manifestly for the interest of the parties, in order to make partition, that the estate-be sold it shall be so ordered.
This act of assembly has not changed the rights of the tenants in common, in reference to partition, except where an equal division cannot be made, or where it effects a division, it would be manifestly for the interest of the parties, that a partition should be made of the proceeds of the sale, and not of the estate itself.
The proof clearly shows, that the property in question cannot be equally divided among those entitled thereto; and, therefore, it must be sold, in order that partition be made.
Affirm the decree.